### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **In Re: 17-11660-df** | ) | **Chapter 7     Proceeding** |
| | ) | |
| **James Kash Carson** | ) | |
| **Debtor** | ) | |
| | ) | |
| **Wilmington Savings Fund Society,** | | |
| **FSB, doing business as Christiana** | | |
| **trust, not in its individual capacity but** | ) | |
| **solely as trustee for BCAT 2014-4TT )** | | |
| **Creditor** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **James Kash Carson** | ) | |
| **and  Lisa A. Geremia , Trustee** | ) | |
| **Respondent** | ) | **September 29, 2017** |

**Objection by Wilmington Savings Fund Society, FSB, doing business as Christiana trust, not in its individual capacity but solely as trustee for BCAT 2014-4TT to Debtor's "Emergency Motion Hearing" (Docket #8)**

NOW COMES **Wilmington Savings Fund Society, FSB, doing business as**

**Christiana trust, not in its individual capacity but solely as trustee for BCAT 2014-4TT**

("Creditor") and hereby respectfully objects to Debtor's "Emergency Motion Hearing" (Docket

#8, the "Motion") for the grounds set forth hereto:

1.  Pursuant to 11 U.S.C. § 362 (c)(4)(A)(i) "if a single or joint case is filed by or against a

    debtor who is an individual under this title, and if 2 or more single or joint cases of the

debtor were pending within the previous year but were dismissed … the stay under

subsection (a) shall not go into effect upon the filing of the later case".

a.  Debtor filed a Chapter 7 bankruptcy petition (16-11753-DF) with this Court on

October 13, 2016, 11 days prior to a previously noticed foreclosure sale of the

real property located at 3 Finne Road, Johnston, RI 02919 (the "Property") to be

conducted on October 24, 2016. Upon Debtor's successful motion, this Court

entered an Order allowing Debtor to pay the filing fee in installments (Docket

#5). Debtor paid only the first installment on the filing date, and failed to make

any further payments. Debtor's petition was ultimately dismissed on October 31,

2016 (Docket #14) for failure to comply with an Order of this Court to file

missing documents necessary to maintain the petition.

b.  Debtor filed a second Chapter 7 bankruptcy petition (16-11080-DF) with this

Court on June 27, 2017, 1 day prior to a previously noticed foreclosure sale of

the Property to be conducted on June 28, 2017. Upon Debtor's successful

motion, this Court entered an Order allowing Debtor to proceed without paying

a filing fee (Docket #8). Debtor's petition was ultimately dismissed on July 7,

2017 (Docket #11) for failure to comply with an Order of this Court to file

missing documents necessary to maintain the petition.

c.  Debtor filed the third and present Chapter 7 bankruptcy petition (17-11660-DF)

with this Court on September 26, 2017, 2 days prior to a previously noticed

foreclosure sale of the Property to be conducted on September 28, 2017. Upon

Debtor's successful motion, this Court entered an Order allowing Debtor to

proceed without paying a filing fee (Docket #7). Despite the issuance of an

Order of this Court to file missing documents necessary to maintain the petition,

Debtor has not filed the necessary documentation to maintain the petition and

this Court has entered an Order that Debtor's bankruptcy will be automatically

dismissed if all necessary documentation is not timely filed (Docket #6).

2.  Pursuant to 11 U.S.C. § 362 (c)(4)(B) any request for the court to order the stay to take

effect may only be granted "if the party in interest demonstrates that the filing of the

later case is in good faith as to the creditors to be stayed".

a.  In the Motion, Debtor admits that Debtor's previous cases were "dismissed due

to the fact that I [*Debtor*] did not get the documents filed in the time frame". The

Motion is silent as to the fact that Debtor has not filed required documentation

with the Court in the present petition and that this Court has issued an Order

(Docket #6) that this petition will be automatically dismissed if the Debtor does

not timely file said documentation. Debtor has ignored Orders of this Court in
two prior bankruptcy petitions in the past year, and offers scant evidence in the
Motion as to how or if Debtor will seek to maintain the present petition and
what facts and circumstances have changed since the dismissal of the prior
petition.

3. Pursuant to 11 U.S.C. § 362 (D)(i)(II):

"a case is presumptively filed not in good faith …. as to all creditors if--
… a previous case under this title in which the individual was a debtor
was dismissed within the time period stated in this paragraph after the
debtor failed to file or amend the petition or other documents as required
by this title or the court without substantial excuse (but mere
inadvertence or negligence shall not be substantial excuse …" **or** "there
has not been a substantial change in the financial or personal affairs of
the debtor since the dismissal of the next most previous case under this
title, or any other reason to conclude that the later case will not be
concluded …".

a.  Here, the pattern of Debtor's three repeat petition filings made closely before three prior scheduled foreclosure sales[a] and the Debtor's dismissal of two prior petitions for failure to file required documentation with this Court demonstrates that Debtor's intention is not to proceed in good faith but is instead merely an effort to forestall foreclosure and is otherwise a "scheme to delay, hinder, or defraud creditors that involved … multiple bankruptcy filings affecting such real property" pursuant to 11. U.S.C. § 362 (D)(4). An examination of the dockets in the prior two bankruptcy petitions shows little effort by Debtor to maintain the petition after filing, and provides further evidence that Debtor's motivation in filing the prior petitions was merely to hinder the foreclosure process and not to maintain a petition before this Court. Creditor respectfully asserts that this pattern of behavior by Debtor shows a lack of respect for this Court and Creditors and is a waste of both judicial resources and resources of Creditor.

b.  Creditor respectfully asserts that the facts presented herein demonstrate that pursuant to 11 U.S.C. § 362 (D)(i)(II) the present petition was presumptively filed not in good faith and Debtor maintains the burden of proof to overcome this presumption.

---

[a] Creditor also cancelled a prior foreclosure sale scheduled to take place on March 24, 2017 as Debtor applied for loss mitigation but Debtor did not qualify for loss mitigation based on Debtor's available income.

c. The Motion offers no evidence of any change in financial or personal affairs of Debtor since the prior dismissal of petition 17-11080-DF to overcome said presumption.

4. Creditor respectfully asserts that Debtor has not overcome the presumption that the present petition was not filed in good faith and further asserts that the present petition and the Motion before this Court are a bad faith effort to hinder, delay, and otherwise forestall the foreclosure process.

WHEREFORE, Creditor respectfully requests that this Court DENY Debtor's Motion, decline to extend the stay granted by this Court's September 28, 2017 Order (Docket #9), and enter an Order allowing Creditor to pursue with its valid state law rights and remedies against the Property, and grant any other relief that this court deems met and just.

By */s/ Derek A. Castello*
    Derek A. Castello #9529
    Creditor's Attorney
    Bendett & McHugh, P.C.
    60 Man-Mar Drive, Suite 7
    Plainville, MA 02762
    Phone: (860) 677-2868
    Fax: (860) 409-0626
    Email: BKECF@bmpc-law.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that on this <u>29th</u> day of September, 2017, a copy of the foregoing was served to the following:

James Kash Carson
Debtor
3 Finne Road                                            U.S. Trustee
Johnston, RI  02919                             *Via Electronic Notice of Filing*
*Via First Class Mail*

Lisa A. Geremia, Esq.
Trustee
620 Main Street CU 3A
East Greenwich, RI  02818
*Via Electronic Notice of Filing*


By */s/ Derek A. Castello*
    Derek A. Castello #9529
    Creditor's Attorney
    Bendett & McHugh, P.C.
    60 Man-Mar Drive, Suite 7
    Plainville, MA 02762
    Phone: (860) 677-2868
    Fax: (860) 409-0626
    E-Mail: BKECF@bmpc-law.com